**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DENNIS JOHNSON,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**HOSPITALITY TEMPS CORPORATION, et al.,**[1]<br><br>    **Defendants.** | Civil Action No.  04-853 (HHK) |

**MEMORANDUM OPINION**

This matter comes before the Court on defendants' joint motion for summary judgment. Plaintiff alleges that defendants denied him temporary job assignments based on his race and age. Because the Court finds that defendants had legitimate, non-discriminatory reasons for their employment action, the motion will be granted.

*Background*

Hospitality Temps Corporation ("HTC") and Hotel and Restaurant Temps, Inc. ("HART") are Delaware corporations with offices in Washington, D.C.  Defendants' Joint Motion for Summary Judgment ("Defts' Mot."), Affidavit of Alden Atwood ("Atwood Aff."), ¶¶ 8-9.  HTC and HART are suppliers of temporary staff to hotels, restaurants, caterers and food service providers in the Washington area.  *Id.*, ¶ 10.  HTC serves non-union properties and HART serves

---

[1] The complaint was filed against Hospitality Hart Temp Agency, but the companies that employed plaintiff operate under the names Hospitality Temps Corporation and Hotel and Restaurant Temps, Inc.  *See* Answer, ¶ 1.

union properties. *Id.*

In 1998 and 1999, plaintiff was employed by HTC and HART for temporary work assignments as a cook. *Id.*, Affidavit of David Dinkins ("Dinkins Aff."), ¶ 4. The companies' records indicate that plaintiff's last paycheck was issued on October 29, 1999. *Id.* Plaintiff applied for re-employment on January, 31, 2002. Defts' Mot., Exhibit ("Ex.") 5. According to the companies, plaintiff was denied re-employment because he had a history of not showing up for job assignments and accepting an assignment, but then later turning it down. Atwood Aff., ¶ 12; Dinkins Aff., ¶ 9. Plaintiff alleges that he had been working for the companies for three or four years when he discovered that he was not receiving job assignments for which he was qualified. *See* Complaint.

In September, 2003, plaintiff came into the HTC and HART office to start a new application process. Dinkins Aff., ¶ 14. Plaintiff met with David Dinkins, Service Coordinator for the companies. *Id.*, ¶ 1. Mr. Dinkins, a black male, is responsible for assigning job opportunities to HTC and HART employees. *Id.*, ¶¶ 3-4. Mr. Dinkins informed plaintiff that in order for his application to be processed, plaintiff had to submit a certification of his criminal record from the Metropolitan Police Department. *Id.*, ¶ 11. In response, plaintiff stated that he would complete the application at home. *Id.* Mr. Dinkins told him that to do so would violate company policy. *Id.*

According to Mr. Dinkins, plaintiff became agitated and argumentative and reached over the counter to grab the application forms. *Id.*, ¶ 15.[2] Plaintiff challenged Mr. Dinkins to a fight,

---

[2] Plaintiff claims that the application forms were "snatched" from him by Mr. Dinkins and that Mr. Dinkins tried to provoke a fight. Plaintiff's Opposition to Joint Motion for Summary Judgment, p. 1.

then left the office.  Dinkins Aff., ¶ 15.  Later, plaintiff returned with a police officer.  *Id.*  After Mr. Dinkins explained the situation, the officer ordered plaintiff to leave the property.  *Id.*

*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions  in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere

existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Id.; see also Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

*Discussion*

In order to prevail in an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* or on a discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, a plaintiff initially must establish a *prima facie* case of prohibited discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Forman v. Small*, 271 F.3d 285, 292 (D.C. Cir. 2001), *cert. denied*, 536 U.S. 958 (2002). If the plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged action. *McDonnell Douglas*, 411 U.S. at 804. Once the defendant proffers a sufficient non-discriminatory reason, the burden shifts to the plaintiff to produce some evidence, either direct or circumstantial, to show that defendant's proffered reason is a pretext for discrimination. *Id.*; *Morgan v. Federal Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C. Cir.), *cert. denied*, 540 U.S. 881 (2003).

To establish a *prima facie* case of discrimination, the plaintiff must establish that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *Stella v. Minetta*, 284 F.3d 135,

145 (D.C. Cir. 2002); *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). The burden of establishing a *prima facie* case of employment discrimination is "not onerous." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Although the complaint is virtually devoid of specific factual allegations, since plaintiff is proceeding *pro se*, the Court will presume, for the purposes of this motion, that plaintiff has established a *prima facie* case of discrimination.

To meet its burden of showing a legitimate reason for its employment decision, a defendant need only "proffer," not prove, a legitimate non-discriminatory reason for its adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. Defendants offer the following reasons for not offering job assignments to plaintiff: (1) he voluntarily terminated his employment in October, 1999; (2) prior to his re-application in January, 2002, plaintiff never notified defendants that he was available for job assignments, as required by the policy of the companies; (3) plaintiff's poor and unreliable attendance record; (4) plaintiff's failure to provide a certification of his criminal record; and (5) plaintiff's conduct towards Mr. Dinkins in September, 2003. *See* Atwood Aff., ¶¶ 6, 7, 15-18. The Court finds that these proffered reasons are legitimate and non-discriminatory.

Since defendants have proffered legitimate reasons for their employment decision, plaintiff must establish by a preponderance of the evidence that the proffered explanations are a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804. In assessing whether an employer's stated reasons are a pretext, the Court should consider whether a jury could infer discrimination from the combination of (1) plaintiff's *prima facie* case; (2) any evidence plaintiff presents to challenge the employer's proffered explanation; (3) independent evidence of discriminatory statements or conduct by the employer; and (4) any contrary evidence by the employer of a positive record of

equal opportunity employment. *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1289 (D.C.Cir. 1998).  The issue is not one of the correctness or the desirability of the reason offered, but whether the employer honestly believes in the reason offered. *Fischbach v. D.C. Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996).  Plaintiff must show that the reason offered is a phony one. *Id.*

Applying these factors, the Court concludes that plaintiff cannot establish pretext. Plaintiff's *prima facie* case is, at best, weak.  He has offered no evidence to rebut defendants' assertions of non-discrimination.   In sum, plaintiff has not demonstrated that defendants subjected him to racial or age discrimination.

*Conclusion*

Based on the foregoing, defendants' joint motion for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

/s/
HENRY H. KENNEDY, JR.
United States District Judge

Date: January 25, 2006